1  Daniel C. Girard (State Bar No. 114826)
2  Simon S. Grille (State Bar No. 294914)
   **GIRARD SHARP LLP**
3  601 California Street, Suite 1400
   San Francisco, California 94108
4  Telephone: (415) 981-4800
   Facsimile: (415) 981-4800
5  *dgirard@girardsharp.com*
6  *sgrille@girardsharp.com*

7  Attorneys for Petitioner
   SHELTON BOLLINGER
8

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| SHELTON BOLLINGER, | Case No. |
|---|---|
| Petitioner, | **PETITION FOR ORDER COMPELLING ARBITRATION** |
| v. | |
| UBER TECHNOLOGIES, INC., | |
| Respondent. | |

Petitioner Shelton Bollinger ("Petitioner") files this Petition for an Order Compelling Arbitration against Respondent Uber Technologies, Inc. ("Uber"), as follows:

## NATURE OF THE PETITION

1. Shelton Bollinger petitions the Court to enforce the arbitration provisions included in his service agreement with Uber.

2. On December 7, 2018, Petitioner filed an individual arbitration demand with the American Arbitration Association ("AAA") against Uber. Petitioner seeks to arbitrate his individual claims against Uber for it use of an automatic telephone-dialing system ("ATDS") to send text messages to Petitioner's cellular telephone without his prior express consent in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*.

3. Petitioner registered an account with Uber in early 2018 and, in doing so, agreed to Uber's Terms of Use. Uber's Terms of Use include an arbitration agreement that requires Petitioner's TCPA claims to be resolved in an individual arbitration proceeding administered by the AAA. The arbitration agreement also provides that Uber is responsible for paying all AAA filing, administrative, and arbitrator fees.

4. As of the date of filing this petition, despite repeated requests from Petitioner's counsel, Uber has failed to pay the filing fees necessary for Petitioner's arbitration to commence. Accordingly, Petitioner respectfully submits this Petition to enforce the arbitration provision contained in Uber's Terms of Use.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this action pursuant to 9 U.S.C. § 4 and 28 U.S.C. § 1331. This Court also has personal jurisdiction over Uber because its principal place of business is within the State of California and it has sufficient minimum contacts in California to render the exercise of jurisdiction by this Court proper and necessary.

6. Venue is likewise proper in this District under 9 U.S.C. § 4 and 28 U.S.C. § 1391(b) because Uber's principal place of business is within this District.

///

///

## INTRADISTRICT ASSIGNMENT

7. This action should be assigned to the San Francisco Division of this District pursuant to Civil Local Rule 3-2(c) and (d) because a substantial part of the events or omissions which give rise to the claims occurred in San Francisco County, which is served by the San Francisco Division.

## RELEVANT FACTS

**A.    Petitioner Filed an Arbitration Demand Pursuant to Uber's Terms of Use**

8. On July 26, 2018, Petitioner filed in the Northern District of California a class action complaint against Uber alleging that text messages Uber sent to Petitioner's cell phone without his prior express consent violated the TCPA. *See Bollinger v. Uber Technologies, Inc.* No. 3:18-cv-04538 (N.D. Cal.).

9. On October 4, 2018, Petitioner voluntarily dismissed his federal court claims pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) after discovering that he previously registered for Uber and, in doing so, agreed to Uber's Terms of Use.

10. On December 7, 2018, Petitioner commenced individual arbitration by filing an arbitration demand with AAA, which Uber has long insisted is the procedure for resolving disputes required by its Terms of Use.

11. Petitioner's arbitration demand alleges that Uber's use of an ATDS to send text messages to Petitioner's cellular telephone without his prior express consent violates the TCPA, including, but not limited to, violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and its implementing regulations, 47 C.F.R. §§ 64.1200(a)(1)(iii). Petitioner demands $54,000 in statutory damages under the TCPA.

12. On December 10, 2018, AAA confirmed that it created a case for Petitioner's claim and assigned it case number: 01-18-0004-5215. The arbitration proceedings, however, cannot begin until the arbitration filing fees have been paid. Uber is obligated to pay these fees under its arbitration agreement.

**B.    The Arbitration Agreement**

13. Petitioner's dispute with Uber relates to provisions in Uber's "U.S. Terms of Use" which contains an arbitration agreement.

14. Uber's Terms of Use provide that "any dispute, claim or controversy arising out of or relating to (a) these Terms...will be settled by binding arbitration between you and Uber, and not in a

court of law." Exhibit A, attached hereto, at § 2 ("Agreement to Binding Arbitration Between You and Uber"). The Terms of Use include a provision titled "Text Messaging and Telephone Calls" which pertains to Uber's use of an ATDS to contact persons by text message. Id. § 4. Thus, Uber's arbitration clause governs Petitioner's claims.

15. The arbitration agreement provides that the arbitration "will be administered by the [AAA] in accordance with the AAA's Consumer Arbitration Rules and Supplementary Procedures." *Id*. § 2 ("Rules and Governing Law"). The agreement also states that Uber users waive "the right to a trial by jury or to participate as a plaintiff or class member in any purported class action or representative proceeding." *Id*. § 2 ("Agreement to Binding Arbitration Between You and Uber").

16. Because Petitioner's claims do not exceed $75,000, Uber is responsible for paying all AAA filing, administrative, and arbitrator fees. Ex. A § 2 ("Fees").

**C.    Uber Has Refused to Commence the Arbitration**

17. In defending the validity of its arbitration provisions and promoting arbitration as a viable alternative to the courts, Uber has repeatedly represented to the Ninth Circuit that it "has offered to pay the arbitration fees" for persons who are bound by Uber's arbitration agreement. *See Mohamed v. Uber Techs., Inc.*, 109 F. Supp. 3d 1185, 1210 (N.D. Cal. 2015), *aff'd in part, rev'd in part and remanded*, 836 F.3d 1102 (9th Cir. 2016), and *aff'd in part, rev'd in part and remanded*, 848 F.3d 1201 (9th Cir. 2016).

18. Pursuant to AAA's procedure, Uber's payment of the filing fees is required before the arbitration proceedings can begin.

19. After Petitioner initially filed his demand in December, Petitioner and Uber agreed to defer initiation of the arbitration proceedings and attempt to resolve Petitioner's claims. The negotiations, however, were unsuccessful, and the parties reached an impasse at the end of January 2019.

20. On January 28, 2019, and on February 19, 2019, Petitioner's counsel requested that Uber pay the filing fees to commence this arbitration. On February 21, 2019 and on March 6, 2019, Petitioner's counsel also asked AAA's case filing administrator to reach out to Uber about payment of the fees.

21. To date, Uber has failed to pay the filing fees for Petitioner's arbitration.

22. Uber knows that its failure to pay the filing fees has prevented the instant arbitration from commencing.

23. There is no dispute that the parties entered into an arbitration agreement requiring Uber to pay the AAA fees upon Petitioner's demand for arbitration of his TCPA claims. Uber has offered no explanation for its refusal to adhere to its obligation to pay the initiating fees and arbitrate under its Terms of Use. Uber's decision to not pay the initiating filing fee for Petitioner's arbitrations is unjustified, frivolous, and done for improper purposes.

24. Accordingly, this Court should compel Uber to arbitrate under 9 U.S.C. § 4.

## **PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully request that the Court:

1. Enter an order compelling Uber to comply with its obligations under its arbitration agreement by paying all filing, administrative, and arbitrator fees associated with Petitioner's arbitration demand and engaging in the arbitration proceedings in good faith.

2. Award such other and further relief as the Court deems just and proper.

Dated: March 20, 2019

Respectfully submitted,

By: ___/s/ *Simon S. Grille*___
Daniel C. Girard (State Bar No. 114826)
Simon S. Grille (State Bar No. 294914)
GIRARD SHARP LLP
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4800
*dgirard@girardsharp.com*
*sgrille@girardsharp.com*

Attorneys for Petitioner
SHELTON BOLLINGER