1   TIFFANY CHEUNG (CA SBN 211497)
    TCheung@mofo.com
2   LUCIA X. ROIBAL (CA SBN 306721)
    LRoibal@mofo.com
3   MORRISON & FOERSTER LLP
    425 Market Street
4   San Francisco, California  94105-2482
    Telephone:    415.268.7000
5   Facsimile:    415.268.7522

6   ADAM J. HUNT, *pro hac vice pending*
    AdamHunt@mofo
7   Morrison & Foerster LLP
    250 West 55th Street
8   New York, New York 10019-9601
    Telephone:    212.336.4341
9   Facsimile:    212.468.7900

10  Attorneys for Defendant
    UBER TECHNOLOGIES, INC.

11

12                  UNITED STATES DISTRICT COURT

13               NORTHERN DISTRICT OF CALIFORNIA

14

15  SHELTON BOLLINGER,                    Case No. 3:19-cv-01451-KAW

16                   Petitioner,          **NOTICE OF MOTION AND MOTION BY
                                          DEFENDANT UBER TECHNOLOGIES,**
17        v.                              **INC. TO DISMISS THE ACTION FOR
                                          LACK OF STANDING AND FAILURE TO**
18  UBER TECHNOLOGIES, INC.,              **STATE A CLAIM; MEMORANDUM OF
                                          POINTS AND AUTHORITIES IN**
19                   Respondent.          **SUPPORT**

20                                        Judge: Hon. Kandis A. Westmore

21                                        Action Filed:    March 20, 2019
                                          Hearing Date:    May 23, 2019, 1:30 p.m.
22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on May 23, 2019 at 1:30 p.m., or as soon thereafter as the matter may be heard in the U.S. District Court, Northern District of California, Oakland Division, located at 1301 Clay Street, Oakland, California, in Courtroom 2 before the Honorable Kandis A. Westmore, Defendant Uber Technologies, Inc. ("Uber") will, and hereby does, move the Court pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), for an order dismissing the Petition For Order Compelling Arbitration (the "Petition") that Plaintiff filed on March 20, 2019.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declarations of Rosemary Barajas, Tiffany Cheung, and Adam J. Hunt, and all exhibits thereto, all pleadings and papers on file in this action, and on such other written and oral argument as may be presented to the Court.

Dated:  April 5, 2019

TIFFANY CHEUNG
ADAM J. HUNT, *pro hac vice pending*
LUCIA X. ROIBAL
MORRISON & FOERSTER LLP

By:  ___/s/ Tiffany Cheung___
     TIFFANY CHEUNG

Attorneys for Defendants
UBER TECHNOLOGIES, INC.

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ............................................................................................ 1

STATEMENT OF ISSUES TO BE DECIDED .......................................................................... 1

MEMORANDUM IN SUPPORT ..................................................................................................... 1

I.      INTRODUCTION .............................................................................................................. 1

II.     FACTUAL BACKGROUND ........................................................................................... 1

III.    LEGAL STANDARD ....................................................................................................... 3

IV.     ARGUMENT ...................................................................................................................... 3

V.      CONCLUSION ................................................................................................................... 5

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
  528 U.S. 167 (2000) ..................................................................................................3

*Gelow v. Cent. Pac. Mortg. Corp.*,
  560 F. Supp. 2d 972 (E.D. Cal. 2008) ...................................................................3, 4

*Lifescan, Inc. v. Premier Diabetic Servs.*,
  363 F.3d 1010 (9th Cir. 2004) ..................................................................................4

*Nat'l Bank of Cal., NA v. Gay*,
  No. CV 11-2521-RSWL, 2011 U.S. Dist. LEXIS 70385
  (C.D. Cal. June 29, 2011) .........................................................................................3

*PaineWebber, Inc. v. Faragalli*,
  61 F.3d 1063 (3rd Cir. 1995) ................................................................................3, 4

*Reniger v. Hyundai Motor Am.*,
  122 F. Supp. 3d 888 (N.D. Cal. 2015) ..................................................................2, 3

*Sullivan v. City of Berkeley*,
  No. C 17-06051 WHA, 2018 U.S. Dist. LEXIS 9008 (N.D. Cal. Jan. 19, 2018) ......................3

*Warren v. Fox Family Worldwide, Inc.*,
  328 F.3d 1136 (9th Cir. 2003) ..................................................................................3

**Statutes**

9 U.S.C. § 4 .................................................................................................................3, 4

**STATEMENT OF ISSUES TO BE DECIDED**

This motion raises the following issue:

     1.     Whether a justiciable case or controversy exists between the parties given that the American Arbitration Association ("AAA") has not entered the case that Plaintiff alleges to have filed; that, according to AAA, "nothing is due from Uber until [it] receive[s] correspondence from the AAA"; and that Uber will pay any and all required filing arbitration filing fees as soon as it receives correspondence from AAA?

     2.     Whether Plaintiff has stated a claim under Section 4 of the Federal Arbitration Act even though Uber has not refused—and is in fact ready, willing, and able—to pay all required arbitration filing fees?

**MEMORANDUM IN SUPPORT**

## I.      INTRODUCTION

There is no case or controversy here, and no cognizable claim.  Although Plaintiff claims that Uber has not paid filing fees in connection with an arbitration demand that Plaintiff purportedly submitted to the AAA, Uber has not received confirmation of a proper filing with the AAA.  Indeed, the AAA recently confirmed that "***nothing is due at this time from Uber until you receive correspondence from the AAA.***"  In other words, Plaintiff filed an action in federal court seeking to compel Uber to comply with obligations that do not exist under the AAA Rules and the relevant arbitration agreement.  Plaintiff therefore lacks standing because he has not suffered any actual, non-hypothetical injury that is traceable to Uber's alleged inaction and that could be redressed by this Court.  Moreover, Plaintiff has failed to state a claim because he does not, and cannot, allege that Uber "unequivocally refused" to pay any arbitration-related fees.  To the contrary, Uber is ready, willing, and able to pay any and all required arbitration fees as soon as it receives confirmation from the AAA that the matter has been entered and that payment is due.  Plaintiff's petition is a waste of judicial resources and should be dismissed in its entirety.

## II.     FACTUAL BACKGROUND

Plaintiff acknowledges that pursuant to his binding arbitration agreement with Uber, he is required to arbitrate his claims against Uber pursuant to the AAA's Rules.  The AAA Consumer Arbitration Rules that govern Plaintiff's dispute with Uber (*see* ECF No. 1, Ex. A § 2) provide that when initiating an arbitration matter, "[t]he claimant must also send one copy of the demand to the AAA at the same time the demand is sent to respondent."  (Declaration of Adam J. Hunt ("Hunt Decl.") ¶ 6, Ex. A.)  Plaintiff's counsel, however, did not copy counsel for Uber on any correspondence to the AAA regarding the demand or otherwise confirm with Uber that Plaintiff had properly submitted his demand to AAA.  (*Id.* ¶ 5.)  The AAA rules also provide that AAA "will send a written notice letting the consumer and business know the Demand for Arbitration has been received" and that that filing fees are "due from the business once the consumer has met the filing requirements."  (*Id.* ¶ 6, Ex. A.)  But Uber did not receive—and to date has not received—any materials or written correspondence from AAA notifying Uber that Plaintiff sent

1   his demand to AAA, that Plaintiff complied with the filing requirements for initiating an

2   arbitration, that any payment is due, or even that the matter has been opened with the AAA.

3   (Declaration of Rosemary Barajas ("Barajas Decl.") ¶ 3, Ex. A.)

4        After Plaintiff voluntarily dismissed his federal court action against Uber on October 4,

5   2018, counsel for Plaintiff and Uber began a months-long discussion in an attempt to resolve

6   Plaintiff's individual claims in their entirety.  (Hunt Decl. ¶ 2.)  In late January, Plaintiff informed

7   Uber that Plaintiff intended to pursue arbitration.  (*Id*. ¶ 3.)  Although attempts to resolve the

8   claim continued thereafter, the parties reached an impasse in February.  (*Id*. ¶ 4.)  On March 13,

9   2019, a representative of the AAA called Uber's counsel to inquire about the appropriate method

10  of service of documents on Uber.  (Declaration of Tiffany Cheung ("Cheung Decl.") ¶ 2.)  On

11  March 14, 2019, counsel for Uber left a voicemail asking the AAA to proceed with its normal

12  process for service on Uber, and provided the email address at which any arbitration demand and

13  invoice could be sent.  (*Id.* ¶ 3.)  But Uber has not received any invoice or correspondence from

14  the AAA.  (*See* Barajas Decl. ¶ 3, Ex. A.)

15       Without providing any notice to Uber, Plaintiff filed his Petition on March 20, 2019.

16  (ECF No. 1.)

17       After Plaintiff filed his Petition, Uber contacted AAA again to inquire about the status of

18  Plaintiff's demand.  (Barajas Decl. ¶ 3, Ex. A.)  On April 2, the AAA confirmed that it was

19  unable to locate Plaintiff's demand in its files.  (*Id*.)  On April 3, 2019, the AAA stated in an e-

20  mail that although a case number apparently had been assigned, "the case is not yet entered yet,

21  which is why it would not come up in any of our searches."  (*Id*.)  The AAA also confirmed that

22  "***nothing is due at this time from Uber until you receive correspondence from the AAA.***"  (*Id*.)

23       Contrary to Plaintiff's baseless assertions, Uber never "refused" to pay the applicable and

24  required filing fees.  Uber is fully prepared to pay those fees in connection with Plaintiff's

25  demand as soon as the AAA notifies Uber that a matter is entered and payment is due.  (*Id*.)

26  **III.   LEGAL STANDARD**

27       "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the

28  Court's subject-matter jurisdiction."  *Reniger v. Hyundai Motor Am.*, 122 F. Supp. 3d 888, 893

1   (N.D. Cal. 2015) (citing *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th

2   Cir. 2010)).  "Because Article III standing relates to the Court's subject-matter jurisdiction, it is

3   properly raised on a Rule 12(b)(1) motion, and the party asserting jurisdiction 'bears the burden

4   of proving its existence.'"  *Id*. (quoting *Chandler*, 598 F.3d at 1121-22.)  "Standing doctrine

5   functions to ensure, among other things, that the scarce resources of the federal courts are devoted

6   to those disputes in which the parties have a concrete stake."  *Friends of the Earth, Inc. v.*

7   *Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 191 (2000).  To establish Article III standing,

8   Plaintiff must demonstrate that "(1) [he] has suffered an 'injury in fact' that is (a) concrete and

9   particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly

10  traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely

11  speculative, that the injury will be redressed by a favorable decision."  *Id*. at 180-81.  "In ruling

12  on a 12(b)(1) jurisdictional challenge, a court may look beyond the complaint and consider

13  extrinsic evidence."  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1141 n.5 (9th Cir.

14  2003); *see also Sullivan v. City of Berkeley*, No. C 17-06051 WHA, 2018 U.S. Dist. LEXIS 9008,

15  at *5 (N.D. Cal. Jan. 19, 2018) (accepting declarations submitted in support of motion to dismiss

16  for lack of standing under Rule 12(b)(1)).

17          Further, to state a claim under the Federal Arbitration Act, 9 U.S.C. § 4, the moving party

18  must allege that the non-moving party has "'unequivocally refuse[d] to arbitrate.'"  *See, e.g.*,

19  *Nat'l Bank of Cal., NA v. Gay*, No. CV 11-2521-RSWL (JCGx), 2011 U.S. Dist. LEXIS 70385, at

20  *2 (C.D. Cal. June 29, 2011) (quoting *PaineWebber, Inc. v. Faragalli*, 61 F.3d 1063, 1066 (3rd

21  Cir. 1995)); *see also Gelow v. Cent. Pac. Mortg. Corp.*, 560 F. Supp. 2d 972, 978 (E.D. Cal.

22  2008) ("A party to an arbitration agreement may move to compel arbitration when the other party

23  'unequivocally refuses to arbitrate, either by failing to comply with an arbitration demand or by

24  otherwise unambiguously manifesting an intention not to arbitrate[.]") (quoting *PaineWebber*, 61

25  F.3d at 1066).

26  **IV.    ARGUMENT**

27          Plaintiff's Petition should be dismissed for lack of standing and failure to state a claim.

28          First, Plaintiff lacks standing because according to the AAA "***nothing is due at this time***

1   ***from Uber until you receive correspondence from the AAA***", (Barajas Decl. ¶ 3. Ex. A), and

2   Plaintiff cannot claim to have suffered any actual injury based on actions that Uber is not yet

3   required to take.  Plaintiff has suffered no injury and merely alleges a hypothetical injury that has

4   not occurred—Uber has not yet paid the arbitration filing fees because no such obligation has

5   been triggered.  Plaintiff's injury is also not "traceable" to Uber because once the AAA provides

6   Uber with a notice that Plaintiff's demand has actually been filed, Uber will promptly pay the

7   required arbitration filing fees.  *See, e.g.*, *Painewebber*, 61 F.3d at 1063, 1067 ("it is doubtful that

8   a petition to compel arbitration filed before the 'adverse' party has refused arbitration would

9   present an Article III court with a justiciable case or controversy in the first instance).  Similarly,

10   Plaintiff's alleged injury is not redressable by this Court because Uber cannot pay fees for a case

11   that AAA has not yet entered and for which payment is not currently due.  Plaintiff's petition

12   should be dismissed for lack of standing accordingly.

13   Second, Plaintiff has failed to state a claim under Section 4 of the FAA because Plaintiff

14   has not—because he cannot—claim that Uber has "unequivocally refused" to participate in the

15   arbitration.  *See, e.g.*, *Lifescan, Inc. v. Premier Diabetic Servs.*, 363 F.3d 1010, 1013 (9th Cir.

16   2004) (reversing district court finding that the non-moving party's failure to pay a pro-rata share

17   of fees constituted a "refusal" to arbitrate under Section 4 because "[t]here was  . . . no basis for

18   an order requiring [defendant] to pay the fees" under the AAA rules); *Gelow*, 560 F. Supp. 2d at

19   978 ("A party to an arbitration agreement may move to compel arbitration when the other party

20   'unequivocally refuses to arbitrate'") (citations omitted); *Painewebber*, 61 F.3d at 1067 (unless

21   the respondent has resisted arbitration, the petitioner has not been 'aggrieved' by anything.")

22   (citations omitted).  To the contrary, Uber is ready, willing, and able to pay those fees as soon as

23   the AAA provides notice to Uber that Plaintiff filed his demand and that payment is due, which is

24   consistent with both the AAA Consumer Rules and the AAA's own statement that "***nothing is***

25   ***due at this time from Uber until you receive correspondence from the AAA***".  (Barajas Decl.

26   ¶ 3, Ex. A.)

27   Plaintiff admits that his claims cannot be resolved in this federal court, but must be

28   resolved pursuant to the parties' binding arbitration agreement.  Rather than litigating the Petition

1   in this federal court, the parties and the Court's resources would be better served by working with

2   AAA to ensure that an arbitration proceeding is promptly initiated so that the parties may proceed

3   with efficiently resolving this dispute pursuant to the parties' arbitration agreement and the

4   relevant arbitration rules that govern this dispute.  Plaintiff's Petition should be dismissed.

5      **V.      CONCLUSION**

6      Because Plaintiff has not suffered any actual, non-hypothetical injury that this Court could

7   redress, and because Uber is committed to promptly paying any filing fees once the AAA

8   confirms that Plaintiff filed his demand and complied with the relevant arbitration rules, the

9   Petition should be dismissed for lack of subject matter jurisdiction and failure to state a claim.

10

11  Dated:  April 5, 2019                        TIFFANY CHEUNG
                                                 ADAM J. HUNT, *pro hac vice*
12                                               LUCIA X. ROIBAL
                                                 MORRISON & FOERSTER LLP
13

14                                               By:    */s/ Tiffany Cheung*
                                                        TIFFANY CHEUNG
15
                                                 Attorneys for Defendant
16                                               UBER TECHNOLOGIES, INC.

17

18

19

20

21

22

23

24

25

26

27

28